UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MELVIN FRAZIER, JR.,

        Plaintiff,

v.                                                  ACTION NO. 2:21cv534

SPACEX,

        Defendant.

**ORDER TO SHOW CAUSE**

On September 20, 2021, Plaintiff Melvin Frazier, Jr. ("Plaintiff"), appearing *pro se*, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1–1. Based on the financial information contained in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

Plaintiff files this action against Defendant "SpaceX" ("Defendant"). Compl. at 1–2. In the "Statement of Claim" section of his Complaint, Plaintiff states: "Since

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

2009[,] treason, psychol[o]gical, physical[,] economic exploitation in my day to day surrounding area and somewhat other spots." *Id.* at 4 (errors in original).

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to screen the operative complaint to determine, among other things, whether it states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Upon review, the Court finds that Plaintiff's Complaint, in its current form, fails to state a claim against Defendant on which relief may be granted. Therefore, the Court further finds that dismissal of this action is warranted under 28 U.S.C. § 1915(e)(2). However, in deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede his initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:

(i) be clearly labeled as Plaintiff's Amended Complaint;

(ii) clearly state, with specificity, each claim that Plaintiff intends to assert against Defendant;

(iii) clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and

(iv) clearly set forth all factual allegations upon which each asserted claim is based.

Plaintiff is FURTHER ADVISED that this case may be dismissed if he fails to comply with the terms of this Order to Show Cause. *See* Fed. R. Civ. P. 41(b).

In addition to the instructions set forth above, the Clerk is **DIRECTED** to please send a copy of this Order to Show Cause to Plaintiff Melvin Frazier, Jr.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
November 22, 2021